FILED
Oct 06, 2020
06:36 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Paulette Carter | ) | Docket No. 2019-05-1059 |
| | ) | |
| v. | ) | State File No. 52007-2019 |
| | ) | |
| Frito-Lay, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Dale A. Tipps, Judge | ) | |

---

### Affirmed and Remanded

---

In this interlocutory appeal, the employee challenges the trial court's denial of her request for additional medical and temporary disability benefits. The employee sustained an injury to her right shoulder when a stack of boxes fell on her at work. The injury was initially accepted as compensable, and workers' compensation benefits were provided. After the employee was released from care with no restrictions or permanent medical impairment rating, she filed a petition seeking additional medical treatment and temporary disability benefits. Following an expedited hearing, the trial court concluded the employee failed to show that her time off work and need for additional medical treatment were causally related to the work injury. The employee has appealed. Having carefully reviewed the record, we affirm the trial court's decision and remand the case.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge David F. Hensley joined.

Paulette Carter, Fayetteville, Tennessee, employee-appellant, pro se

John R. Lewis, Nashville, Tennessee, for the employer-appellee, Frito-Lay, Inc.

1

**Memorandum Opinion**[1]

Paulette Carter ("Employee") sustained an injury on June 9, 2019, while working for Frito-Lay, Inc. ("Employer"), when a stack of boxes fell on her right shoulder. After informing Employer of her injury, Employee received on-site physical therapy before a panel of physicians was provided by Employer in July 2019. Employee selected Occupational Health Group ("OHG") from the panel and, upon evaluation by Dr. David Cole, was diagnosed with an "unspecified sprain of the right shoulder." Employee saw Dr. Frank Francone at OHG on July 22, 2019. Dr. Francone reviewed the results of an MRI performed on July 16, 2019, which he believed revealed a rotator cuff tear and superior glenoid labrum lesion of the right shoulder. He referred Employee to an orthopedic specialist, and Employee selected Dr. Troy Layton from a panel provided by Employer.

Employee was first seen by Dr. Layton on July 29. Dr. Layton reviewed Employee's MRI and noted a "high-grade partial tear of the supraspinatus" but did not agree the imaging indicated a labral tear. Dr. Layton also documented a bone lesion in the glenoid area but stated it was not work-related. Employee returned to Dr. Layton for a follow-up visit on August 26 with continued complaints, and Dr. Layton recommended arthroscopy with decompression and rotator cuff repair.

On September 11, Employee filed a petition for benefit determination asserting that a Vanderbilt oncologist had concluded her bone lesion was a subchondral cyst "caused by direct trauma to the shoulder and wrote on her report that the [c]yst is a matter for [w]orkman's [c]omp." Employee stated in her petition that she was concerned about moving forward with rotator cuff surgery when there was "no mention of any other injuries stated in [the] previous MRI."

In a follow-up appointment on October 8, Dr. Layton noted Employee's bone lesion "was evaluated at Vanderbilt and was found to be benign and should not interfere with her work comp related case." During this visit, Employee complained that her "right shoulder seems to be dropping" and noted this "started immediately after the injury." Dr. Layton informed Employee additional testing was needed for further evaluation and stated that he had "no explanation for why the shoulder appears to be dropping other than voluntary muscular temporary dysfunction."

When Employee returned to see Dr. Layton on October 22, he reviewed the additional testing results, which revealed an intact labrum, chronic AC joint arthrosis, and a "very limited partial thickness tear" on the underside of the supraspinatus. Dr. Layton

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

discussed the glenoid lesion with Employee and, based upon his review of the oncology note, opined that the lesion was part of a degenerative process, despite the fact that Employee was "convinced that she was told it was part of the injury." Dr. Layton recommended non-surgical management of Employee's shoulder injury and referred her to a physiatrist for evaluation of neck pain.

On November 14, Dr. Layton again referred Employee to a physiatrist, this time specifically to Dr. Jeffrey Hazlewood, and noted Employee could return to work with restrictions. On December 3, Employee was seen again by Dr. Layton, and his office note reflected that an appointment had been scheduled with Dr. Hazlewood, although Employee had not yet attended the appointment. During this visit Employee had questions about right shoulder blade pain and voiced concerns regarding the potential need for shoulder surgery. Dr. Layton stated that he did "not feel there is any need for shoulder surgery given the most recent [testing] despite initial routine MRI findings." Dr. Layton also noted that Employee "requested that [he] add to the note the opinion that the glenoid bone lesion is not work-related."

Employee was seen by Dr. Hazlewood on December 9, at which time Dr. Hazlewood noted Employee had chronic right shoulder girdle pain and "some partial rotator cuff tears, but nothing significant." He recorded no evidence of a labral tear and noted that Employee's "degenerative cystic lesion . . . was non-malignant." Dr. Hazlewood documented "significant guarding" and "rather atypical pain behavior . . . that is out of proportion to [Employee's] MRI scan findings of the shoulder." He ordered an MRI of the cervical spine and an EMG of the right upper extremity to address whether there was other pathology causing Employee's problems. Dr. Hazlewood noted that Employee's rotator cuff pathology "is chronic and pre-existing, and not the cause of her current symptomatology."

Employee returned to Dr. Hazlewood on January 15, 2020. After reviewing the MRI scan of her cervical spine, Dr. Hazlewood concluded "there was no acute disc pathology." He documented degenerative changes at C5-6 and C6-7, and bilateral osteophytic disc complexes at C5-6 and C6-7 with "marked bilateral foraminal stenosis." EMG testing revealed carpal tunnel syndrome but no other abnormalities. Dr. Hazlewood informed Employee that he had no further recommendations for treatment, released her to return to work with no restrictions, and assigned a 0% whole person impairment rating for her work injury. Employee continued treating with her primary care physician, Dr. Paul Sain. Dr. Sain referred Employee to an orthopedic specialist, Dr. Robert Beasley.

On March 10, Employee filed a request for expedited hearing seeking additional medical and temporary disability benefits. Following the expedited hearing, the trial court issued an order in which it concluded Employee had failed to "identif[y] any legal basis that would justify an order for additional medical benefits." The court further

determined Employee failed to show her alleged disability was caused by a compensable injury. As a result, the court concluded Employee was not entitled to temporary disability benefits. Employee has appealed.

Employee is self-represented in this appeal, as she was in the trial court. Parties who represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). However, as explained by the Court of Appeals,

> courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. . . . Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries.

*Hessmer v. Hessmer*, 138 S.W.3d 901, 903-04 (Tenn. Ct. App. 2003) (citations omitted).

In her notice of appeal, Employee attempts to raise several issues, including: (1) whether Dr. Hazlewood's causation opinion should be entitled to a presumption of correctness; (2) Employer's late provision of a panel of physicians after Employee provided Employer with notice of her work injury; (3) whether Employee is entitled to additional medical benefits and compensation; and (4) whether her filing of a separate petition for benefit determination for a second injury of July 24, 2019 entitled her to additional benefits.

With respect to issue one, the trial court resolved that issue in Employee's favor, and there is no need for us to address it here. Issues two and four have no relevance to the trial court's ultimate decision to deny benefits in this case. It is only issue three that fairly raises an issue for consideration on appeal.

However, with respect to issue three, Employee has failed to articulate any basis for relief on appeal and failed to make any meaningful argument describing how the trial court purportedly erred in its expedited hearing order. Employee also failed to provide any relevant legal authority in support of her position. Instead, Employee's brief contains information regarding her work injury, the history of her medical treatment, and her opinions as to medical treatment and causation.

When an appellant fails to offer substantive arguments on appeal, an appellate court's ability to conduct meaningful appellate review is significantly hampered. *Holmes v. Ellis Watkins d/b/a Watkins Lawn Care*, No. 2017-08-0504, 2018 TN Wrk. Comp. App. Bd. LEXIS 7, at *3-4 (Tenn. Workers' Comp. App. Bd. Feb. 13, 2018). It is not our role to search the record for possible errors or to formulate a party's legal arguments

4

where that party has provided no meaningful argument or authority to support its position.  *Cosey v. Jarden Corp.*, No. 2017-01-0053, 2019 TN Wrk. Comp. App. Bd. LEXIS 3, at *8 (Tenn. Workers' Comp. App. Bd. Jan. 15, 2019).  Were we to search the record for possible errors and raise issues and arguments for Employee, we would be acting as her counsel, which the law prohibits.  *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015).

Moreover, Employee has not filed a transcript of the hearing in the trial court or a joint statement of the evidence.[2]  *See* Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2018).  Accordingly, we must presume the trial court's factual findings were supported by sufficient evidence.  *See Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1994) ("In the absence of a transcript or a statement of the evidence, we must conclusively presume that every fact admissible . . . was found or should have been found favorably to the appellee.").  After a careful review of the record, we are unable to discern any error by the trial court.

Accordingly, the trial court's July 3, 2020 order is affirmed, and the case is remanded.  Costs on appeal have been waived.

---

[2] Employee filed a motion for an extension of time to file a transcript.  However, the motion was untimely, being filed after the expiration of the time to file a transcript and after the expiration of the time of any extension we would have been able to grant consistent with our authority as set out in Tennessee Code Annotated section 50-6-217(d)(1) (2019).



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| Paulette Carter | ) | Docket No. 2019-05-1059 |
|---|---|---|
| | ) | |
| v. | ) | State File No. 52007-2019 |
| | ) | |
| Frito-Lay, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Dale A. Tipps, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 6th day of October, 2020.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Paulette Carter | | | | X | gtp.2000daytona@gmail.com |
| John R. Lewis | | | | X | john@johnlewisattorney.com |
| Dale A. Tipps, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

O. Yearwood

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov